1

2

3

4

5

6

7

8                          **UNITED STATES DISTRICT COURT**

9                               **DISTRICT OF NEVADA**

10

11   JAMES WILLIAMS,                          Case No.: 2:16-cv-03020-APG-NJK

              Plaintiff(s),
12                                            **REPORT AND RECOMMENDATION**

13   v.                                             [Docket No. 34]

     LAS VEGAS METROPOLITAN POLICE
14   DEPARTMENT, et al.,

15              Defendant(s).

16          Pending before the Court is Plaintiff's motion for leave to file a third amended complaint.

17   Docket No. 34.[1] Defendants filed a response in opposition.  Docket No. 36.  No reply was filed.

18   The motion is properly resolved without a hearing.  *See* Local Rule 78-1.  For the reasons discussed

19   below, the undersigned **RECOMMENDS** that that the motion for leave to amend be **DENIED**.

20   **I.      BACKGROUND**

21          On January 25, 2019, United States District Judge Andrew P. Gordon screened Plaintiff's

22   second amended complaint pursuant to 28 U.S.C. § 1915(e).  Docket No. 14.  In that order, Judge

23   Gordon noted that Plaintiff was attempting to bring 30 different claims against 37 different

24   defendants arising out of different events at different locations during different times.  *See id.* at 3.

25   Judge Gordon ultimately allowed two claims to proceed:  (1) Plaintiff's excessive force claim

26   _____

27          [1] The motion indicates that Plaintiff is seeking leave to file a second amended complaint.
     *See id.* at 1.  The second amended complaint was previously screened and filed.  *See* Docket Nos.
28   14, 15.  As such, the proposed amended complaint currently before the Court would be the third
     amended complaint.

                                                    1

against Defendants Lavender, Leavitt, Peterson, LVMPD, and Does 1-5 arising out of alleged events on April 21, 2016, *id.* at 4-6, and (2) Plaintiff's free exercise of religion claim against Defendant Lavender arising out of alleged events on April 21, 2016, *see id.* at 8-9. With respect to the other 28 claims, Judge Gordon held that they did not survive screening on various grounds, including that some claims were brought against new defendants from allegations untethered to the events alleged in the original complaint. *See id.* at 9-10.[2]

Plaintiff now returns to the Court with a motion for leave to file a third amended complaint with ten separate claims against 12 named defendants, 27 doe defendants, and a roe corporate defendant. *See* Docket No. 34; *see also* Docket No. 34-1.

## II.  STANDARDS

Requests for leave to amend the pleadings filed on or before the amendment deadline are governed by Rule 15 of the Federal Rules of Civil Procedure. Rule 15(a) provides that "[t]he court should freely give leave [to amend] when justice so requires," and there is a strong public policy in favor of permitting amendment. *Bowles v. Reade*, 198 F.3d 752, 757 (9th Cir. 1999). As such, the Ninth Circuit has made clear that Rule 15(a) is to be applied with "extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (*per curiam*). On the other hand, a district court's discretion to deny leave to amend is "particularly broad" when—as here—it has already granted leave to amend previously. *Gonzalez v. Planned Parenthood of Los Angeles*, 759 F.3d 1112, 1116 (9th Cir. 2014).[3]

Under Rule 15(a), courts consider various factors, including: (1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of the amendment; and (5) whether the plaintiff has previously amended the complaint. *See id.* at 1052.[4] Futility alone justifies denial of a motion for

---

[2] The Court had earlier cautioned Plaintiff that "he may not amend the complaint to add unrelated claims involving a different defendant; adding such claims to the amended complaint will result in dismissal of those claims. Such claims must be brought in separate lawsuits." Docket No. 8 at 2.

[3] Plaintiff's two earlier motions for leave to amend were granted. *See* Docket Nos. 8, 10; *see also* Docket No. 3 at 11 (initial screening order also allowing leave to amend).

[4] The undersigned analyzes the sufficiency of the proposed third amended complaint by applying the standards applicable to a motion for leave to amend. Given that Plaintiff was granted permission to proceed *in forma pauperis*, his proposed third amended complaint is also subject to screening pursuant to 28 U.S.C. § 1915(e). Plaintiff's proposed third amended complaint also fails

leave to amend.  *E.g., Novak v. United States*, 795 F.3d 1012, 1020 (9th Cir. 2015).  A proposed amendment may be deemed futile if it seeks to add defendants without a sufficient showing that they can be joined to the suit in compliance with the governing rules.  *See Wood v. TriVita, Inc.*, 2009 WL 2106291, at *3-4 (D. Ariz. June 22, 2009); *see also* Fed. R. Civ. P. 21 (courts may address misjoinder of parties "at any time").   Under Rule 20 of the Federal Rules of Civil Procedure, multiple defendants may be joined in a single suit if (1) the claims against each defendant arise out of the same transaction, occurrence, or series of transactions or occurrences, and (2) any question of fact or law is common to all parties.  Fed. R. Civ. P. 20(a)(2).  Unrelated claims against different defendants belong in different lawsuits.  *See* Docket No. 14 at 10 (citing *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007)).  Courts have broad discretion in applying Rule 20.  *Armstead v. City of Los Angeles*, 66 F. Supp. 3d 1254, 1262 (C.D. Cal. 2014).

## III.   ANALYSIS

After the filing of three complaints, there are two claims proceeding in this case:  (1) Plaintiff's excessive force claim against Defendants Lavender, Leavitt, LVMPD, and Does 1-5 arising out of alleged events on April 21, 2016, *id.* at 4-6,[5] and (2) Plaintiff's free exercise of religion claim against Defendant Lavender arising out of alleged events on April 21, 2016, *see id.* at 8-9.  Those two claims also reappear in the proposed third amended complaint and are not at issue for purposes of the motion for leave to amend.[6]

Of the other eight claims in the proposed third amended complaint, Plaintiff attempts to replead the previously-dismissed Counts X and XI as proposed Counts V and VI.  Judge Gordon already found those claims to be insufficiently pleaded to survive screening.  *See* Docket No. 14 at 13.  In comparing the allegations in the previously-dismissed claims against the allegations in

---

that screening process for the reasons stated herein.  *Cf. Cole v. Allied Interstate LLC*, 2016 U.S. Dist. Lexis 181991, at *1-2 (D. Nev. Dec. 2, 2016) (report and recommendation for dismissal at screening stage for claims against multiple defendants improperly joined in a single suit), *adopted*, 2017 U.S. Dist. Lexis 5715 (D. Nev. Jan. 13, 2017).

[5] This claim had also survived screening with respect to Defendant Peterson, but he has since been dismissed for failure to effectuate service.  Docket No. 37.

[6] Plaintiff has renumbered his counts, such that the surviving counts in the second amended complaint now appear as Counts III and IV in the proposed third amended complaint.

the proposed Counts V and VI, the undersigned does not discern any meaningful change to them at all, let alone any change that alters Judge Gordon's analysis. *Compare* Docket No. 15 at ¶¶ 93-119 (previously-dismissed Count X) *with* Docket No. 34-1 at ¶¶ 46-73 (proposed Count V); *compare also* Docket No. 15 at ¶¶ 120-23 (previously-dismissed Count XI) *with* Docket No. 34-1 at ¶¶ 74-77 (proposed Count VI).  As such, these proposed claims fail for the reasons already articulated and, for that reason, leave to amend should not be granted as to these two proposed claims.

The proposed third amended complaint also seeks to add six new claims against other defendants that bear no relation to the claims currently in the case:

- Count I alleges retaliation by proposed Defendant Madrid and various doe defendants arising out of alleged events taking place in late June, 2011;

- Count II alleges retaliation by various doe defendants arising out of alleged events taking place on November 24, 2011;

- Count VII alleges a violation of Plaintiff's free exercise of religion by proposed Defendants Rodgers, B. Marshall, and J. Richter arising out of alleged events taking place on April 30, 2019;

- Count VIII alleges a due process violation by unidentified defendants and perhaps LVMPD arising out of alleged events taking place on April 30, 2019;

- Count IX alleges Eighth and Fourteenth Amendment violations related to the bail process by unidentified defendants and perhaps LVMPD arising out of alleged events taking place on April 30, 2019; and

- Count X alleges negligent infliction of emotional distress against proposed Defendant Neville, various doe defendants, and LVMPD arising out of alleged events taking place on April 30, 2019.

Other than LVMPD, none of the defendants identified in these new claims is currently before the Court as a party to the two claims that are proceeding at this time.[7]  Moreover, none of these claims relates to the two surviving claims that are proceeding after the screening process.[8]  As such, amendment to add these claims to this lawsuit is not appropriate.

Plaintiff resists this conclusion by arguing that all of the claims are part of a larger pattern of misconduct.  *See* Mot. at 3-4.  Viewing this argument as urging that all of the claims fit within Rule 20(a)(2)(B)'s "series of transactions or occurrences" provision,[9] the Court remains

---

[7] With respect to LVMPD, Judge Gordon has already determined as follows:

> The LVMPD is a political subdivision of the state and may sue or be sued in its own name.  Nev. Rev. Stat. § 280.280(4).  To state a colorable claim against the LVMPD, a plaintiff must allege a theory of municipal liability.  A municipality may not be held liable merely because it employs someone who violates a person's constitutional rights.  *Monell v. Dep't of Social Serv. of City of N.Y.*, 436 U.S. 658, 691 (1978).  A municipality may be found liable under 42 U.S.C. § 1983 only where the municipality itself causes the violation at issue.  *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989).  To state a claim for municipal liability against the LVMPD under § 1983, Williams must allege the existence of "a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers," or a "governmental 'custom' even though such a custom has not received formal approval through the body's official decision making channels" that resulted in a violation of his civil rights.  *Monell v. Dep't of Social Serv. of City of N.Y.*, 436 U.S. 658, 690-91 (1978).  Merely including a conclusory allegation that there is a policy or custom is not sufficient.  *Ashcroft v. Iqbal*, 556 U.S. 662, 680–81 (2009).  Williams must go beyond bare assertions and plead facts sufficient to show that there is a policy or custom.  *Id.* at 678-81.

Docket No. 14 at 10-12.  As was the situation previously, the new claims that Plaintiff proposes to bring against LVMPD are supported by conclusory assertions that alleged misconduct arose "pursuant to a policy promulgated by LVMPD" or as "a result of LVMPD failing to properly train its' [sic] employees."  *See, e.g.*, Docket No. 34-1 at ¶¶ 82, 89, 96.  For the same reasons already articulated by Judge Gordon, such conclusory allegations fail to state a claim for municipal liability.  *See* Docket No. 14 at 10-13.

[8] With respect to the proposed new claims arising out of alleged events in 2011, no explanation has been advanced why attempting to raise those claims at this late juncture could be considered anything other than an "undue delay."

[9] In attempting to make a connection between the various claims, Plaintiff relies on the continuing violations doctrine.  *See* Mot. at 3-4.  That doctrine impacts the application of the statute of limitations.  *See, e.g.*, *Knox v. Davis*, 260 F.3d 1009, 1013 (9th Cir. 2001).  Given the joinder issues, the Court need not reach statute of limitations arguments.  Instead, viewing the motion liberally since Plaintiff is a *pro se* prisoner, *see Blaisdell v. Frappiea*, 729 F.3d 1237, 1241 (9th

unpersuaded. "By its terms, this provision requires factual similarity in the allegations supporting [a plaintiff's] claims." *Visendi v. Bank of Am., N.A.*, 733 F.3d 863, 870 (9th Cir. 2013). This can be shown by sufficiently alleging that "claims arise out of a systematic pattern of events." *Coughlin v. Rogers*, 130 F.3d 1348, 1350 (9th Cir. 1997). Such a showing has not been alleged here. There is no meaningful connection at all between, for example, a claim that in 2011 would-be Defendant Madrid violated Plaintiff's civil rights by allegedly physically retaliating against him for saying "wow," Docket No. 34-1 at ¶ 24, a claim that in 2016 Defendant Lavender violated Plaintiff's civil rights by allegedly denying him kosher food, *see* Docket No. 14 at 8-9 (liberally construing this claim in this manner for screening purposes), and a claim that in 2019 unidentified would-be defendants violated Plaintiff's civil rights in relation to bail proceedings by allegedly requiring that he make a "debit call" rather than allowing a free telephone call, Docket No. 34-1 at ¶ 90. The proposed claims do not constitute a "series of transactions or occurrences."[10]

## IV.    CONCLUSION

For the reasons discussed above, the undersigned **RECOMMENDS** that the motion for leave to amend be **DENIED**.

Dated: September 23, 2019

_____
Nancy J. Koppe
United States Magistrate Judge

## NOTICE

This report and recommendation is submitted to the United States District Judge assigned to this case pursuant to 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation must file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file

---

Cir. 2013), the Court construes his motion as arguing that the alleged conduct constitutes "a series of transactions or occurrences" sufficient to satisfy the first required element under Rule 20(a)(2).

[10] Even if the claims at issue did constitute a series of transactions and occurrences, joinder is proper only when there is also a common issue of fact or law. Fed. R. Civ. P. 20(a)(2)(B). This requirement has also not been met.

a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).